[Cite as *State v. Casey*, 2012-Ohio-3740.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 11CA010125 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEREMY B. CASEY | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 10CR081885 |

DECISION AND JOURNAL ENTRY

Dated: August 20, 2012

BELFANCE, Judge.

{¶1}   Jeremy Casey appeals from his convictions for drug possession, driving under suspension, and possession of drug paraphernalia.  For the reasons set forth below, we reverse.

I.

{¶2}   On July 25, 2011, at a change of plea hearing, Mr. Casey entered a plea of guilty to drug possession, possession of drug paraphernalia, and driving under suspension.  Mr. Casey moved to withdraw his guilty plea on August 2, 2011, after retaining new counsel.  The State did not file any opposition to the motion.  Three months later, the trial court denied Mr. Casey's motion at his sentencing hearing and proceeded to sentence him to three years of community control.

{¶3}   Mr. Casey has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING.

{¶4} Mr. Casey argues that the trial court erred when it failed to conduct a full hearing on his presentence motion to withdraw his guilty plea. The State has not filed an appellate brief.

{¶5} Crim.R. 32.1, in pertinent part, provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * *." "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id*. at paragraph one of the syllabus. Nevertheless, while "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court[,]" *id*. at paragraph two of the syllabus, "[a] trial court *must* conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." (Emphasis added.) *Id*. at paragraph one of the syllabus. *See also State v. Wilborn*, 9th Dist. No. 25352, 2011-Ohio-1038, ¶ 8 ("[T]he trial court does not have any discretion regarding whether it should hold a hearing on a presentence motion to withdraw a plea."). However, the trial court is not necessarily required to conduct a full evidentiary hearing. *State v. Robertson*, 9th Dist. No. 10CA0030-M, 2011-Ohio-4300, ¶ 7.

{¶6} Mr. Casey filed his motion to withdraw his plea more than three months prior to being sentenced, but the trial court did not address his motion until the sentencing hearing. At the hearing, Mr. Casey's counsel gave the trial court a general background on the motion, concluding, "[A]fter speaking with the prosecution, I believe there is no opposition to th[is] as

well." The prosecutor acknowledged that presentence motions to withdraw should be liberally granted and made no argument that Mr. Casey should not be allowed to withdraw his plea; however, the prosecutor did express the preference for continuing directly to sentencing. After this very brief exchange, the trial court stated, "I'm going to deny the motion to withdraw. Anything to say before sentencing?" Mr. Casey's counsel asked the trial court why and the court responded, "I withdrew it. I'm denying it. What do you have to say before sentencing?"

{¶7} Under the circumstances, we cannot say that the trial court conducted the hearing envisioned by *Xie* given that it could not have determined whether there was a reasonable basis for withdrawal of the plea. *See Robertson* at ¶ 6. *See also Xie* at paragraph one of the syllabus. It was inappropriate for the trial court to deny Mr. Casey's motion without conducting at least some inquiry into his reasons for seeking to withdraw his plea. However, to the extent Mr. Casey argues that this Court should determine whether he should be allowed to withdraw his plea, we disagree. It is appropriate for the trial court to exercise its discretion in the first instance after conducting a full hearing on the motion. *See Klein v. Moutz*, 9th Dist. No. 23132, 2006-Ohio-4974, ¶ 11 (remanding for a trial court to exercise its discretion).

{¶8} Mr. Casey's assignment of error is sustained in part.

III.

{¶9} Mr. Casey's assignment of error is sustained in part. The judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P.J.
CARR, J.
CONCUR

APPEARANCES:

KENNETH J. LEWIS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, for Appellee.