[Cite as *State v. Ross*, 2013-Ohio-3220.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DUSTIN L. ROSS

    Appellant

C.A. Nos.    26523
                  26524

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR 11 12 3466 (B)
                CR 12 01 0172 (B)

DECISION AND JOURNAL ENTRY

Dated: July 24, 2013

HENSAL, Judge.

**{¶1}** Defendant-Appellant, Dustin L. Ross, appeals from the judgments of the Summit County Court of Common Pleas. For the reasons set forth below, this Court affirms in part, and reverses in part.

I.

**{¶2}** On December 30, 2011, Dustin Ross was indicted in case number 26523 for one count each of breaking and entering and possessing criminal tools. On February 2, 2012, Ross was indicted in case number 26524 for one count each of receiving stolen property, possessing criminal tools, and criminal mischief. Ross pleaded not guilty to the charges in each case. On February 29, 2012, a joint plea hearing was held on both cases. In case number 26523, Ross changed his plea to guilty on the breaking and entering charge, which was a fifth degree felony. In case number 26524, Ross changed his plea to guilty on the possessing criminal tools charge, which was also a fifth degree felony. Pursuant to the plea agreement, the remaining charges in

each case were dropped. At the plea hearing, the prosecution recommended the minimum sentence of six months imprisonment on each charge. The prosecution further recommended that Ross serve the sentences concurrently.

{¶3} Ross failed to appear at a joint sentencing hearing scheduled for both cases. The trial court stated on the record at that hearing that due to his failure to appear, Ross faced a possible sentence of twenty four months in prison on both cases. Ross was subsequently apprehended. Prior to sentencing, he filed a motion to withdraw his guilty plea in each case, which was denied by the trial court without a hearing. On May 30, 2012, Ross was sentenced to eleven months in prison on each case, which was to be served consecutively. Ross appealed, and the cases were consolidated for purposes of this appeal. He raises two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ACCEPTING APPELLANT ROSS'S GUILTY PLEAS WITHOUT STRICTLY COMPLYING WITH THE REQUIREMENTS OF CRIMINAL RULE 11(C)(2)(c).

{¶4} Ross argues that his pleas were not entered knowingly, intelligently and voluntarily because the trial court failed to properly advise him that he had the right to confront witnesses against him, have compulsory process for obtaining witnesses in his favor, and that he could not be compelled to testify against himself at a trial. His argument is without merit.

{¶5} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 9, quoting *State v. Engle*, 74 Ohio St.3d

525, 527 (1996). Criminal Rule 11(C)(2)(c) provides that prior to accepting a guilty plea in a felony case, a trial court must inform the defendant that he is waiving certain rights. These rights include: (1) the right to a jury trial; (2) the right to confront witnesses against him; (3) the right to have compulsory process for obtaining witnesses in the defendant's favor, and (4) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself. *Id*. The court must ascertain whether the defendant understands that he is waiving these rights when he enters a guilty plea. *Id*.

**{¶6}** While the "preferred method" is that the trial court recite the Rule 11(C)(2)(c) language verbatim, a "trial court's failure to literally comply with Crim.R. 11(C) does not invalidate a plea agreement if the record demonstrates that the trial court explained the constitutional right 'in a manner reasonably intelligible to that defendant.'" (Emphasis deleted.) *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 14, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 18. In addition, "[a]n alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea." *Id*. at paragraph two of the syllabus.

**{¶7}** At Ross's plea hearing, the trial court advised him that by pleading guilty he was "giving up [his] right to a jury trial on both these cases; giving up [his] right [to] make the prosecutor prove the charge against [him] beyond a reasonable doubt; [he was] giving up [his] right to have [his attorney] subpoena and cross-examine witnesses for [him]; [and he was] giving up [his] right to testify or not testify in [his] own defense[.]" Ross acknowledged on the record that he understood that he was giving up those rights prior to entering his guilty plea on both cases.

{¶8} Ross also signed written plea forms for both cases, and answered in the affirmative when the trial court asked, "Did [your attorney] go over them with you so you understand everything?" The forms state in part that:

> I have been informed by my attorney and by the Judge that by pleading guilty, I waive the following Constitutional Rights, and I understand these rights and it is my intention to waive them:
>
> * * *
>
> (b) My right to confront and cross-examine the witnesses against me.
>
> (c) My right to have compulsory process, that is the right to subpoena witnesses to court to testify in my favor.
>
> (d) My right to require the State to prove my guilty beyond a reasonable doubt at trial at which I could not be compelled to testify against myself.

{¶9} This Court has reviewed the exact language used at the oral plea colloquy that Ross asserts fails to satisfy the requirements of Rule 11(C)(2)(c), and found it sufficient to adequately inform a defendant of his constitutional rights so as to make a knowing, intelligent and voluntary waiver of those rights. *State v. Bennett*, 9th Dist. Summit No. 26241, 2012-Ohio-3664, ¶ 12 and *State v. Coleman*, 9th Dist. Summit No. 26008, 2012-Ohio-1712, ¶ 11. In both cases, this Court found that any ambiguity inherent in the language used at the hearing was resolved by the written plea form. *Bennett* at ¶ 10, 12 and *Coleman* at ¶ 10.

{¶10} Given our previous holdings in *Bennett* and *Coleman*, which analyzed the identical language used in the present case at both the oral plea colloquy and in the written plea form, this Court finds that Ross was properly informed of his right to confront witnesses against him, have compulsory process for obtaining witnesses in his favor, and that he could not be compelled to testify against himself at a trial. Accordingly, he knowingly, intelligently, and

voluntarily waived those rights when he pleaded guilty. His first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING APPELLANT ROSS'S PRESENTENCE MOTIONS TO WITHDRAW HIS GUILTY PLEAS WITHOUT ALLOWING HIM A HEARING ON THE MERITS OF HIS CLAIMS, AND WHERE THE RECORD SHOWS THAT THE PLEAS WERE NOT ENTERED KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY.

**{¶11}** Ross argues that the trial court erred by denying his pre-sentence motions to withdraw his guilty pleas without first holding a hearing. This Court agrees.

**{¶12}** Criminal Rule 32.1 provides in pertinent part that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *." The general rule is that such motions should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). While a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, the trial court *must* conduct a hearing to ascertain whether the motion has a reasonable and legitimate basis. (Emphasis added.) *Xie* at 527. *See also State v. Casey*, 9th Dist. Lorain No. 11CA010125, 2012-Ohio-3740, ¶ 7 ("It was inappropriate for the trial court to deny [the defendant's presentence] motion [to withdraw] without conducting at least some inquiry into his reasons for seeking to withdraw his plea.") and *State v. Wilborn*, 9th Dist. Summit No. 25352, 2011-Ohio-1038, ¶ 8 ("Under *Xie*, the trial court does not have any discretion regarding whether it should hold a hearing on a presentence motion to withdraw a plea.").

**{¶13}** The transcript of the plea hearing indicates that the judge was concerned about the prosecution's recommendation that Ross serve a six-month concurrent prison sentence on each conviction. The judge stated that she was "a little uncomfortable giving [Ross] * * * this relatively light sentence" and that she was "not sure [she] truly understood what the proposed

sentence was." There is no definitive indication from the transcript that the trial court intended to follow the prosecution's sentencing recommendation.

{¶14} On April 25, 2012, the trial court held a joint sentencing hearing, which was continued until a later date to allow time to review discovery in an unrelated case. Ross filed a motion to withdraw his guilty plea in each case on May 14, 2012. He sought to withdraw his pleas on the basis that the trial court indicated to counsel at the original sentencing hearing that it would not follow the prosecution's original recommendation for concurrent, minimum sentences of six months' imprisonment on each case. Ross also alleged that he was not guilty of one of the charges, and only agreed to the plea deal because of the six month sentence. On May 16, 2012, the Court denied the motions without holding a hearing.

{¶15} On May 30, 2012, the trial court concluded the joint sentencing hearing on both cases, which had commenced on April 25, 2012. Prior to sentencing Ross, the court indicated that it had denied his motions to withdraw his guilty pleas in both cases, and was ready to proceed to sentencing. Ross was given the opportunity to address the court, and stated that, "I was tricked into pleading guilty to one of those charges that I did not do." The trial court responded that "[w]ell, I don't think you were tricked into pleading guilty. I found that your pleas were knowingly and intelligently and voluntarily having been (sic) made. The State gave you a substantial amount of consideration, both in terms of dismissing other charges and also giving you a substantially reduced sentence."

{¶16} There is no evidence in the record that the trial court held a hearing as required by *Xie* prior to denying Ross's motions to withdraw his plea. *Xie*, 62 Ohio St.3d at 527. Accordingly, the trial court erred in denying Ross's motions to withdraw his plea without first holding a hearing. *Id*.

**{¶17}** This Court recognizes that it has held in prior cases that the failure to hold a hearing on a pre-sentence motion to withdraw a plea was harmless error. *See Wilborn*, 2011-Ohio-1038 at ¶ 16. This Court has also held that a motion to withdraw a guilty plea made after the sentence is pronounced, but before the judgment entry is entered, is reviewed under the more restrictive standard found in Criminal Rule 32.1 that requires a finding of manifest injustice. *See State v. Gordon*, 9th Dist. Summit No. 25317, 2011-Ohio-1045, ¶ 16, quoting *State v. Neeley*, 12th Dist. Clinton No. CA2008-08-034, 2009-Ohio-2337, ¶ 6. The instant case, however, is factually distinguishable from those cases in that the trial court equivocated in accepting the prosecution's sentencing recommendation and the defendant alleged he was innocent of one of the charges. This Court will not go so far as to hold that every pre-sentence motion to withdraw a plea requires a hearing. In this case, however, the factual circumstances required a hearing on Ross' motions to withdraw his plea.

**{¶18}** Because the trial court should have held a hearing, this Court declines to address the merits of his motion in the first instance. *Casey*, 2012-Ohio-3740 at ¶ 7. Ross's assignment of error is sustained in part.

### III.

**{¶19}** Ross's first assignment of error is overruled. His second assignment of error is sustained in part as to the necessity of holding a hearing. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded to the trial court for a hearing on Ross's motions to withdraw his guilty plea.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CONCURRING.

{¶20} I agree with the majority under the specific facts and circumstances of this case. In this case, Ross was not actually sentenced at the time he filed his motion to withdraw his plea. Although the trial court advised him at his plea hearing of what could happen if he failed to appear for sentencing, a sentence was not pronounced orally or imposed in a journal entry at the time he filed his motion. Under different circumstances, I would agree with the dissenting opinion's analysis.

MOORE, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶21} I concur with the majority's resolution of Mr. Ross' first assignment of error, but, because I disagree with the majority's conclusion that this matter must be remanded for the trial court to hold a hearing on the motion to withdraw his plea, I respectfully dissent.

{¶22} Mr. Ross entered a guilty plea following negotiations with the State of Ohio. He was of the understanding that he would receive a six-month concurrent sentence when he returned for his sentencing hearing. At the time he pled guilty, the trial court judge cautioned Mr. Ross that he would receive a more severe sentence if he failed to return for sentencing. When Mr. Ross did not appear at his sentencing hearing, the trial court judge told Mr. Ross' attorney that she intended to impose maximum consecutive sentences when Mr. Ross finally appeared for sentencing.

{¶23} Defense counsel apparently communicated this new sentencing information to Mr. Ross, leading him to move to withdraw his guilty pleas. Mr. Ross asserted two reasons in his motion: (1) he knew he was going to receive a maximum sentence, and (2) he pled guilty to something he did not do because he wanted the six month sentence. Both of the reasons centered on one point – he learned that his sentence would be longer than he expected.

{¶24} The majority has concluded that Mr. Ross' motion was a pre-sentence motion to withdraw and, pursuant to *Xie*, the trial court was required to hold a hearing before denying the motion. I agree that Mr. Ross filed his motion before sentencing and to that extent it was technically a pre-sentence motion, but I would treat his motion as a post-sentence motion and not require the trial court to hold a hearing before ruling on it. The Second District has followed this position in several cases and recently summarized it as follows:

> This court has held that a motion to withdraw a plea that is made before sentencing, but after learning of the imminent sentence to be imposed, is considered to be filed after sentencing. *E.g., State v. McComb*, 2d Dist. Montgomery Nos. 22570, 22571, 2009–Ohio–295, ¶ 7, citing *State v. Long*, 2d Dist. Montgomery No. 13285, 1993 WL 155662, *6 (May 13, 1993); *State v. Sylvester*, 2d Dist. Montgomery No. 22289, 2008–Ohio–2901. This approach is consistent with the purpose behind the post-sentencing standard. *Id.* As we stated in *State v. Fugate*, 2d Dist. Montgomery No. 21574, 2007–Ohio–26, ¶ 17: "The post-sentence 'manifest injustice' standard is aimed at cases where a defendant pleads guilty without knowing what his sentence will be, finds out that his sentence is worse than he had hoped and expected, and then seeks to vacate his plea."

*State v. Haney*, 2d Dist. Montgomery No. 25344, 2013-Ohio-1924, ¶ 10. Applying the post-sentence standard prevents the defendant from testing the sentencing waters and moving to vacate the plea just before sentencing if he receives an unpleasant surprise. *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 8. Mr. Ross did not have a change of heart about entering a guilty plea, a common reason for a pre-sentence motion to withdraw. Rather, he recognized that the trial court judge planned to impose a longer sentence because he failed to appear at his sentencing hearing. The rationale behind the liberal granting of pre-sentence motions to withdraw does not apply in a case like this, where the sole basis for seeking withdrawal is that the sentence will be longer than the defendant originally expected.

{¶25} This point bears emphasis. Mr. Ross asserted in his motion that he wanted to withdraw his plea because he knew that his sentence would be longer than the six months he expected. He did not assert that his guilty pleas were not knowingly, voluntarily, or intelligently entered. He did not claim that he did not understand the proceedings. He did not allege that he received ineffective assistance of counsel. He did not even suggest that he was unaware of the date of his sentencing hearing or prevented from attending because of an emergency.

{¶26} The motion before this Court is no different than if Mr. Ross had appeared on the day of sentencing, the trial court had imposed a longer sentence than he expected, and he then

moved to withdraw his plea. The majority treats Mr. Ross' motion as a pre-sentence motion because it was filed before sentence was imposed. The timing of the filing of the motion, however, is not why pre- and post-sentencing motions are treated differently. Rather, it is because of the reasons for filing the motions at those different times. A pre-sentence motion is generally filed because the defendant has had a change of heart, and those motions should be liberally granted. A post-sentence motion, on the other hand, is filed because the defendant is unhappy with the sentence he has received. This is precisely the reason why Mr. Ross moved to withdraw his plea, and his motion should be treated accordingly. He should not receive the benefit of the more liberal pre-sentence standard simply because the trial court judge warned him about the consequence – a longer sentence – of failing to appear for sentencing.

{¶27} I would follow the approach adopted by the Second District and treat Mr. Ross' motion as a post-sentencing motion. I would further conclude that Mr. Ross did not meet his burden and affirm the trial court's decision to deny the motion to withdraw. Accordingly, I respectfully dissent from that portion of the majority's decision.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.