[Cite as *State v. Farkosh*, 2015-Ohio-3588.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102393**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GARY FARKOSH

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585028-A

**BEFORE:** Stewart, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 3, 2015

**ATTORNEYS FOR APPELLANT**

Ian N. Friedman
Kristina W. Supler
McCarthy, Lebit, Crystal & Liffman, Co., L.P.A.
101 Prospect Avenue, West, Suite 1800
Cleveland, OH 44115


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Brett Hammond
Jillian Eckart
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Gary Farkosh appeals the denial of a presentence motion to withdraw his guilty plea. For the reasons that follow, we reverse and remand to the trial court for a full hearing on the motion to withdraw.

{¶2} On June 6, 2014, the Cuyahoga County Grand Jury returned an eight-count indictment against Farkosh and his son charging each with one count of insurance fraud, in violation of R.C. 2913.47(B)(1); one count of theft, in violation of R.C. 2913.02(A)(3); two counts of forgery, in violation of R.C. 2913.31(A)(2) and 2913.31(A)(3); one count of tampering with records, in violation of R.C. 2913.42(A)(1); one count of telecommunications fraud, in violation of R.C. 2913.05(A); and two counts of falsification, in violation of R.C. 2921.13(A)(9). Farkosh and his son entered initial pleas of not guilty and originally retained counsel to jointly represent them in their respective cases.

{¶3} The state offered Farkosh and his son a packaged plea deal. The deal required both men to plead guilty to single counts of insurance fraud, theft, and forgery, and that Farkosh additionally plead guilty to telecommunications fraud, in order to have the remaining charges dismissed. The deal also required that Farkosh must plead guilty to the specified charges in order for the son to receive his plea deal, and vice-versa. On September 9, 2014, both Farkosh and his son entered guilty pleas in accordance with the terms of the deal.

{¶4} Prior to sentencing, Farkosh discharged his counsel and retained new counsel. On October 21, 2014, Farkosh filed a presentence motion to withdraw his guilty plea. The brief in support of the motion argued that Farkosh's guilty plea was not made knowingly, voluntarily, and intelligently due to the potential and/or actual conflict of interest with prior counsel representing him and his son with adverse interests.

{¶5} In the brief in support of his motion to withdraw, Farkosh stated that counsel advised both Farkosh and his son to accept the plea deal outlined in the amended indictment despite Farkosh's maintaining his innocence. Farkosh alleged further that counsel never advised them of the potential conflict of interest in his joint representation.

{¶6} The motion to withdraw was still pending at the time of sentencing. At sentencing, defense counsel raised the motion before the court, reiterated some of the key arguments in the motion, and requested a continuance so that originally retained counsel could testify regarding the conflict of interest and for Farkosh's wife to testify to his mental state at the time of the plea. The court recognized that there may have been some conflict issues with the joint representation, but nevertheless denied the motion stating that it believed Farkosh entered a knowing, voluntary, and intelligent plea.

{¶7} In his sole assignment of error, Farkosh argues that the trial court erred in denying his motion to withdraw because his counsel was ineffective due to a conflict of interest in representing both father and son when the prosecution offered a packaged plea deal. Crim.R. 32.1 governs the withdrawal of a guilty plea. It states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶8} While a postsentence motion to withdraw should only be granted upon a showing of manifest injustice, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). However, once a person has entered a guilty plea there is no automatic right to withdraw it. *Id.* Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *Id.* at 527. Although a full evidentiary hearing on the motion is not always required, *see State v. Casey*, 9th Dist. Lorain No. 11CA010125, 2012-Ohio-3740, the scope of a hearing should reflect the substantive merits of the motion. *State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 25, 26. "Hence, bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit." *Id.*, citing *State v. Smith*, 8th Dist. Cuyahoga No. 61464, 1992 Ohio App. LEXIS 6259, *14 (Dec. 10, 1992).

{¶9} The scope of the hearing on a presentence motion to withdraw is within the sound discretion of the trial court, subject to this court's review for an abuse of discretion. *Xie* at 526. Moreover, an appellate court will only reverse a denial of a presentence motion to withdraw when the trial court has abused its discretion. *State v. Peterseim*, 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980).

{¶10} In *Perterseim*, this court set forth the following test to determine whether the trial court abused its discretion in denying a defendant's motion to withdraw a plea:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*Id.* at paragraph three of syllabus.

{¶11} We find that the trial court did not give adequate consideration to Farkosh's conflict-of-interest argument. The first prong of the *Perterseim* test is clearly called into question, and prongs three and four were not satisfied. Therefore, the trial court abused its discretion by denying Farkosh's motion to withdraw his plea without the benefit of a full and fair hearing on the motion.

**{¶12}** The ineffective assistance of counsel claim Farkosh raises is directly subsumed under the first *Peterseim* requirement that the accused be represented at the plea hearing by highly competent counsel. *See State v. Marshall*, 2d Dist. Montgomery No. CA23243, 2009-Ohio-5746, ¶ 16. The Ohio Supreme Court has stated that the trial court has an affirmative duty to inquire into whether a conflict of interest actually exists when the trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a criminal defendant. *State v. Gillard*, 64 Ohio St.3d 304, 595 N.E.2d 878 (1992), syllabus. "The duty to inquire arises not only from the general principles of fundamental fairness, but from the principle that where there is a right to counsel, there is a correlative right to representation free from conflicts of interest." *Id.* at 311.

**{¶13}** Here, the trial court was made aware of the potential conflict of interest when Farkosh filed his motion to withdraw his guilty plea a month before sentencing. The motion and Farkosh's affidavit in support of the motion stated that the originally retained counsel did not explain the potential conflict of interest that arose from his joint representation of father and son codefendants, and that Farkosh felt pressured by his first lawyer to take the packaged plea deal that he (the lawyer) helped to negotiate, despite Farkosh's maintaining his innocence to his attorney. Thus, the motion to withdraw presented a prima facie case of a potential conflict of interest that might have affected Farkosh's decision to enter a guilty plea. This scenario required further inquiry.

**{¶14}** While the court did entertain the motion in an abbreviated hearing[1] after the pending motion was brought to the court's attention, the court spent most of the time discussing the soundness of the Crim.R. 11 colloquy — despite Farkosh's counsel's attempt to redirect the court's attention to the conflict-of-interest issue, and despite counsel's request for a full hearing on the matter. The court said nothing about the conflict-of-interest claim, aside from acknowledging that there were indeed "issues" with the representation.

---

[1] The trial court's discussion on the motion is reflected in less than seven pages of the sentencing transcript. The discussion encompasses the request to be heard, both the prosecutor's arguments against the withdrawal and Farkosh's arguments in favor of the motion to withdraw, and the court's eventual denial of the motion.

**{¶15}** Under these circumstances, we cannot say that the trial court's ruling was in conformity with that envisioned in *Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715, and *Peterseim,* 68 Ohio App.2d 213, 428 N.E.2d 863. In the limited discussion on the motion where no evidence was presented, the court could not have properly considered the merits of the motion: whether there was an actual conflict of interest and, if so, whether that conflict had a prejudicial effect on Farkosh's pleading guilty. Additionally, as the court was unable to determine from the limited hearing whether there was a conflict of interest and did not give full and fair consideration to the request to withdraw the plea, we find that the court could not have determined that Farkosh was represented by "highly competent" counsel as required by the first *Peterseim* factor. Accordingly, we find that the court acted arbitrarily and unreasonably in declining to hold a hearing on the merits of the motion, which presented an issue of a criminal defendant's fundamental right to have counsel free from conflicts. *See Gillard*, 64 Ohio St.3d at 311, 595 N.E.2d 878. The court, therefore, abused its discretion in denying Farkosh's motion to withdraw his plea.

**{¶16}** Judgment reversed and remanded to the trial court for a full hearing on the motion to withdraw.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR