[Cite as *State v. West*, 2018-Ohio-1176.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 17CA011110 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID LEE WEST | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 16CR093382 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2018

CARR, Judge.

{¶1} Defendant-Appellant David West appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In March 2016, an indictment was filed alleging that West failed to register a change of address. West ultimately pleaded guilty to the charge. At the plea hearing, the trial court informed West that he needed to show the trial court that he could be successful on community control. To do so, the trial court indicated that West must do several things before he returned for sentencing, one of which was to follow the law.

{¶3} At the sentencing hearing, prior to imposing sentence, West, West's counsel, and the State were all given an opportunity to speak. *See* Crim.R. 32(A). The State informed the trial court that, in the interim between the plea and sentencing hearing, West "got[] into more trouble[.]" The trial court then reminded West of what the trial court told West at the plea

hearing and began discussing the relevant sentencing statutes. Immediately after the trial court began imposing a prison sentence, instead of placing West on community control, West's counsel indicated that West wished to withdraw his former plea. The trial court summarily denied the motion without a hearing. Immediately after the trial court denied the motion, defense counsel interrupted and asked to speak further for the record. The trial court told defense counsel to proceed. Defense counsel then merely reiterated that West wished to withdraw his plea but did not provide a reason why West wished to do so. Additionally, defense counsel did not request an evidentiary hearing. The trial court then proceeded to sentence West to 10 months in prison.

{¶4} West has appealed, raising a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN REFUSING TO ALLOW WEST TO WITHDRAW HIS GUILTY PLEA.

{¶5} West argues in his sole assignment of error that the trial court erred in denying West's motion to withdraw his guilty plea. While his stated assignment of error is broadly worded, the substance of his argument is actually very limited. West maintains that his motion should be viewed as a pre-sentence motion. Thus, because of that, he maintains that the trial court was required to hold a hearing on his motion. Accordingly, because the trial court failed to hold a hearing, he maintains this Court is required to remand the matter for a hearing.

{¶6} Crim.R. 32.1 provides that, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "An appellate court reviews a trial court's order denying a motion to withdraw a

guilty plea for an abuse of discretion." *State v. Robinson*, 9th Dist. Summit No. 28065, 2016-Ohio-8444, ¶ 9. "While a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, the trial court *must* conduct a hearing to ascertain whether the motion has a reasonable and legitimate basis." (Emphasis sic.) *State v. Ross*, 9th Dist. Summit Nos. 26523, 26524, 2013-Ohio-3220, ¶ 12. However, this Court has concluded that a hearing on a post-sentence motion to withdraw a plea is not always required. *See State v. Cargill*, 9th Dist. Nos. 27011, 27590, 2015-Ohio-661, ¶ 11.

{¶7} Both West and the State proceed under the notion that West's motion should be treated as a pre-sentence motion. However, under the unique facts of this case, we disagree. In *State v. Gordon*, 9th Dist. Summit No. 25317, 2011-Ohio-1045, this Court favorably cited *State v. McComb*, 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295. *See Gordon* at ¶ 10-11. In *McComb*, the Second District discussed the policy reasons behind having different standards for motions to withdraw based upon the timing of the motion:

> This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.

(Internal quotations and citations omitted.) *McComb* at ¶ 6. Thus, because it would implicate the above policy concerns, "[w]hile technically occurring before sentence, a motion made after learning of the imminent sentence is considered to be filed after sentencing." *Gordon* at ¶ 10, quoting *McComb* at ¶ 7.

{¶8} Here, only after it became clear that the trial court was in the process of sentencing West to prison, as opposed to community control, did West move to withdraw his

plea. Under these circumstances we conclude that West's motion should be treated as a post-sentence motion. *See McComb* at ¶ 7. We acknowledge that West points to *Ross* as being comparable to his case and thus argues that it supports that a hearing is required. However, because we determine this case is distinguishable from *Ross*, we disagree.

{¶9} In *Ross*, during the plea hearing, the State recommended that Ross receive a total sentence of 6 months. *Id.* at ¶ 2. The trial court began a sentencing hearing in April but ultimately continued it until the end of May. *Id.* at ¶ 14. At that initial hearing, due to Ross's failure to appear, the trial court noted that Ross could be subject to 24 months in prison. *Id.* at ¶ 3. Prior to the continuation of the hearing, Ross moved to withdraw his plea, arguing that the trial court indicated at the initial sentencing hearing that it would not follow the prosecutor's sentencing recommendation, that Ross was not guilty of one of the charges, and that he only agreed to the plea deal because of the recommended sentence. *Id.* at ¶ 14. Prior to the continuation of the sentencing hearing, the trial court denied the motion to withdraw without holding a hearing. *Id.* The trial court sentenced Ross to a total sentence of 22 months in prison. *Id.* at ¶ 3. In resolving the appeal, this Court ultimately concluded that Ross's motion was a pre-sentence motion and that the trial court was required to hold a hearing on that motion. *See id.* at ¶ 16-18.

{¶10} *Ross* is similar to the instant matter in that, like the trial court in *Ross*, the trial court in West's case had not finished sentencing West at the time West moved to withdraw his plea. *See Ross* at ¶ 14-15. However, unlike the situation in *Ross*, at the time West moved to withdraw his plea, the trial court had begun to impose a prison sentence. There is no indication that the same is true of *Ross*. Accordingly, we determine *Ross* is distinguishable from this matter and that West's motion should be treated as though it were a post-sentence motion.

{¶11} West's argument is premised on the idea that his motion should have been viewed as a pre-sentence motion, which would mandate that the trial court hold a hearing on the motion. *See Ross,* 2013-Ohio-3220, at ¶ 12, citing *State v. Xie,* 62 Ohio St.3d 521, 527 (1992); *see also Ross* at ¶ 17. West has not developed any argument explaining why, if the motion were treated as a post-sentence motion, the trial court should have been required to hold a hearing, or explained how the trial court abused its discretion in denying the motion given the post-sentence standard. *See* App.R. 16(A)(7). It is not this Court's duty to develop West's argument for him. *See Cardone v. Cardone*, 9th Dist. Summit Nos. 18349, 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998). Consequently, West has failed to demonstrate that the trial court abused its discretion in denying his motion without a hearing.

{¶12} In light of West's limited argument on appeal, his assignment of error is overruled.

### III.

{¶13} West's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

BRIAN J. DARLING, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.