[Cite as *State v. Read-Bates*, 2020-Ohio-3456.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                                    Nos. 108848, 108849,

    v.                                          :          108850, and 108851

TREVON READ-BATES,                :

    Defendant-Appellant.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  June 25, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-630595-A, CR-18-633822-D, CR-18-635189-A, and
CR-19-636650-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney,
and Jonathan Block, Assistant Prosecuting Attorney, *for
appellee.*

Paul A. Mancino, Jr.; Friedman & Gilbert and Mary
Catherine Corrigan; and Allison Hibbard, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1}  In this consolidated appeal, defendant-appellant Trevon Read-Bates

("Read-Bates") appeals from his conviction following a guilty plea.  Because we find

the trial court properly addressed Read-Bates's motion to withdraw his guilty plea, and we find the trial court did not engage in improper judicial factfinding at sentencing, we affirm.

## I. Procedural History and Substantive Facts

{¶ 2} In the span of seven months, Read-Bates was indicted in four separate cases. On July 25, 2018, in Cuyahoga C.P. No. CR-18-630595-A, Read-Bates was charged with escape in violation of R.C. 2921.34(A)(3).

{¶ 3} On November 9, 2018, in Cuyahoga C.P. No. CR-18-633822-D, he was charged with attempted murder in violation of R.C. 2923.02/2903.02(A), three counts of felonious assault in violation of R.C. 2903.11(A)(2), discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), and tampering with evidence in violation of R.C. 2921.12(A)(1). With the exception of the tampering charge, each count contained one- and three-year firearm specifications. The indictment also contained a forfeiture specification.

{¶ 4} On December 11, 2018, in Cuyahoga C.P. No. CR-18-635189-A, he was charged with trafficking in violation of R.C. 2925.03(A)(2) and two counts of drug possession in violation of R.C. 2925.11(A).

{¶ 5} On February 12, 2019, in Cuyahoga C.P. No. CR-19-636650-A, he was charged with three counts of improperly discharging into a habitation in violation of R.C.-2923.161(A)(1), three counts of felonious assault in violation of R.C. 2903.11(A)(2), domestic violence in violation of R.C. 2919.25(A), discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3),

endangering children in violation of R.C. 2919.22(A), telecommunications harassment in violation of R.C. 2917.21(A)(3), and having weapons while under disability in violation of R.C. 2923.13(A)(2). Several of the charges included one- and three-year firearm specifications as well as the five-year, "drive by shooting," specification.

{¶ 6} On April 29, 2019, Read-Bates pleaded guilty to amended indictments. In Case No. CR-18-630595, he pleaded guilty to one count of escape. In CR-18-633822, he pleaded guilty to the following: one count of felonious assault, with a one-year firearm specification and forfeiture specification; discharge of a firearm on or near prohibited premises, with a one-year firearm specification; and tampering with evidence. In CR-18-635189, he pleaded guilty to attempted trafficking and one count of drug possession. In CR-19-636650, Read-Bates pleaded guilty to the following: one count of improperly discharging into a habitation, with a three-year firearm specification; domestic violence; one count of felonious assault, with a three-year firearm specification; discharge of a firearm on or near prohibited premises, with a three-year firearm specification; endangering children; telecommunications harassment; and having weapons while under disability. The state agreed to nolle the remaining charges and specifications.

{¶ 7} On May 14, 2019, Read-Bates filed a motion to withdraw his guilty plea, stating that he now "believes he has legitimate defenses" and wishes to go to trial. In the motion, defense counsel explained that Read-Bates "felt pressured by having inadequate time to recalibrate his defense strategy against the stark

backdrop of potential decades in prison."  In response, the state provided a recording of Read-Bates's jailhouse phone call in which Read-Bates stated that he filed a motion to withdraw for the purpose of attempting to obtain a better plea deal.

{¶ 8} On June 17, 2019, before sentencing, the court addressed Read-Bates's motion to withdraw and his motion to obtain new counsel.  The trial court then denied the motion to withdraw and rescheduled sentencing to permit Read-Bates to obtain new counsel.  On June 24, 2019, Read-Bates advised the court that he needed more time to obtain counsel.  The court once again continued the sentencing.

{¶ 9} On June 27, 2019, Read-Bates appeared for sentencing.  Prior to imposing sentence, the trial court heard from Read-Bates, defense counsel, and the prosecutor on Read-Bates's request to withdraw the guilty plea and the impending sentence.  Thereafter, the court imposed sentence on each case.

{¶ 10} In CR-18-630595, the court imposed a prison sentence of 12 months, to be served concurrently with the other cases. In CR-18-633822, the court imposed a prison term of 5 years on Count 2, to be served prior to and consecutive to the one-year firearm specification; 30 months on Count 5, served prior to and consecutive to the one-year firearm specification; 30 months on Count 7.  The court ordered all sentences in this case to be served concurrently with each other.  In CR-18-635189, the court imposed a sentence of 12 months, to be served concurrently with the other cases.  In CR-19-636650, the court imposed the following prison sentence:  5 years on Count 1, to be served prior to and consecutive to the three-year firearm specification; 180 days on Count 3; 5 years on Count 5, to be served prior to and

consecutive to the three-year firearm specification; 30 months on Count 8, to be served prior to and consecutive to the three-year firearm specification; 180 days in jail on Counts 9 and 10; 30 months on Count 11. The court ordered the firearm specifications in Count 1 and Count 5 to be served consecutively to each other and all other sentences in this case to be served concurrently with each other.

{¶ 11} The court then ordered the sentences in CR-18-633822 and CR-19-636650 to be served consecutively to each other, and it made consecutive-sentence findings. Thus, the trial court imposed an aggregate prison sentence of 17 years.

{¶ 12} Read-Bates now appeals his conviction and sentence, assigning two errors for our review: (1) Defendant was denied due process of law when the court did not conduct an actual hearing on defendant's motion to withdraw his plea; and (2) Defendant was denied due process of law when his consecutive sentence was based on judicial factfinding.

## II. Motion to Withdraw Guilty Plea

{¶ 13} In Read-Bates's first assignment of error, he contends that the trial court erred when it denied his presentence motion to withdraw his guilty plea. In support, he argues that the trial court failed to provide an "actual" hearing on his motion to withdraw.

{¶ 14} Crim.R. 32.1 governs withdrawals of guilty pleas and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may

set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that a "defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Therefore, a trial court must conduct a hearing in order to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶ 15} The decision whether to grant or deny a motion to withdraw a guilty plea is entirely within the sound discretion of the trial court, and we will not alter the trial court's decision absent a showing of an abuse of that discretion. *Xie* at paragraph two of the syllabus; *State v. Peterseim*, 68 Ohio App.2d 211, 213-214, 428 N.E.2d 863 (8th Dist.1980). "'[U]nless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" *Peterseim* at 213-214, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

{¶ 16} A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea where the following occurs: (1) the accused is represented by competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reflects that the court gave full and fair consideration to the plea-withdrawal request. *Peterseim* at 214; *State v. King*, 8th Dist. Cuyahoga No. 106709, 2018-Ohio-4780, ¶ 13.

{¶ 17} A trial court's adherence to Crim.R. 11 raises a presumption that a plea is voluntarily entered. *State v. McKissick*, 8th Dist. Cuyahoga No. 105607, 2018-Ohio-282, ¶ 23. And a defendant moving to withdraw the plea bears the burden "of rebutting that presumption by demonstrating that the plea was infirm." *State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 26.

{¶ 18} Here, the record demonstrates that Read-Bates was represented by competent counsel during the plea bargaining. Defense counsel successfully negotiated a plea agreement that resulted in an amended indictment, dismissal of numerous charges, and a reduction in sentence from a possible maximum prison sentence of 50 years to a sentence of 17 years. During the plea hearing, the court noted that defense counsel "[did] a lot of good work" on Read-Bates's behalf. When the court asked Read-Bates if he was satisfied with his legal representation, Read-Bates replied, "[He] did as much as he could and I'm sure he'll probably try a little more, so I am very satisfied."

{¶ 19} Next, the record reflects that the court engaged Read-Bates in a full Crim.R. 11 colloquy. During the plea hearing, the court advised Read-Bates of the effect of his plea, the nature of the charges, the potential penalties he faced, and the constitutional rights he was waiving by pleading guilty. Read-Bates repeatedly indicated that he understood the court's advisements and he was in fact guilty. He also confirmed that no threats or promises were made in exchange for his guilty plea, advising the court that it was his decision to plead, stating, "I'm taking full responsibility." And at no time did Read-Bates express any confusion during the

hearing or that he misunderstood the nature of the charges or the possible penalties. The trial court found that Read-Bates understood the nature of the charges, the effect of the guilty plea, and the possible penalties, and that he made a knowing, intelligent, and voluntary decision to enter the plea.

{¶ 20} Read-Bates contends, however, that the trial court failed to provide him a complete hearing on his oral motion to withdraw and failed to fully consider his request.

{¶ 21} To the extent that the trial court did not have a full evidentiary hearing, one is not required in all cases. *Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, at ¶ 24. The scope of a hearing on a motion to withdraw should reflect the substantive merits of the motion. *Id.* at ¶ 25. "'[B]old assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit.'" *Id.* at ¶ 26, quoting *State v. Smith*, 8th Dist. Cuyahoga No. 61464, 1992 Ohio App. LEXIS 6259, 14-15 (Dec. 10, 1992); *State v. Wittine*, 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745, ¶ 8 ("The scope of a hearing on a motion to withdraw a guilty plea is dependent upon the facial validity of the motion itself.").

{¶ 22} Therefore, where a defendant fails to make a prima facie showing of merit, the trial court need not "devote considerable time to" his or her request to withdraw. *Smith* at 14. Further, the scope of the hearing is within the sound discretion of the trial court, subject to this court's review for an abuse of discretion. *State v. Farkosh*, 8th Dist. Cuyahoga No. 102393, 2015-Ohio-3588, ¶ 9, citing *Xie*,

62 Ohio St.3d at 526, 584 N.E.2d 715.  "This approach strikes a fair balance between fairness for an accused and preservation of judicial resources."  *Smith* at 15.

{¶ 23} Here, Read-Bates's motion to withdraw provided a cursory statement that he believes he has "legitimate defenses," he felt "pressured" to plead, and he now wishes to go to trial.  In addressing the motion to withdraw, the trial court recalled its thorough Crim.R. 11 colloquy at the plea hearing:

> I did have cause to have the transcript of the plea prepared, which I have * * * reviewed.  And I will tell you that * * * I think I did a really good job at this plea of advising you of your rights, of ensuring that you understood everything.  There's a couple of things I'll particularly highlight here that I did make notes on.
>
> So, for example, after I've gone through the bulk of my questioning I asked you if anybody had made any threats or promises to you, and you said that no, no one had made any threats or promises.
>
> I asked whose decision is it to plea here this morning.  Your response is, "My decision.  I'm taking full responsibility."
>
> The next question I asked was, were you satisfied with [defense counsel's] services? Your response was, "[He] did as much as he could and I'm sure he'll probably try a little more.  So I'm very satisfied."  So there's that as well.
>
> Later on in the colloquy after I've completed pretty much everything I asked you, Do you have any questions of me at all? Your answer was, "I have none.  I've heard everything you said loud and clear.  I'm just hoping and praying I could get the least amount of time."

{¶ 24} The court also noted that it read the prosecutor's response to Read-Bates's motion to withdraw in which the prosecutor reported that Read-Bates had indicated in a jailhouse phone call that his true motive for filing a motion to withdraw was to obtain a better plea agreement.  In denying Read-Bates's motion,

the court further stated: "I do feel that this plea — in addition to the fact that this was a second time we were here because we started the trial the first time around, and so I'm very comfortable that the plea that we went through was made knowingly, voluntarily, and intelligently."

{¶ 25} When Read-Bates engaged the court regarding his request just before sentencing, proclaiming "I was persuaded to take a plea that I didn't really understand," the court reminded Read-Bates of his plea colloquy, stating, "that's why I go through the whole plea colloquy with you so that you make sure you understand what your obligations are."

{¶ 26} Although the court's discussion with Read-Bates regarding his desire to withdraw his plea was brief, we find the hearing to be complete and impartial. We also find the trial court gave Read-Bates's request the consideration it merited, comporting with the requirements of due process. Consequently, the court's consideration of Read-Bates's desire to withdraw his guilty plea was sufficient. The fact that the court found Read-Bates's assertion unpersuasive does not mean it did not adequately consider the request.

{¶ 27} On this record, we find Read-Bates's request to go to trial to be merely a change of heart after hearing the possible sentence. And this court has repeatedly held that a change of heart regarding a guilty plea and the possible sentence is insufficient justification for withdrawal of a guilty plea. *State v. Norman*, 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 20; *McKissick*, 8th Dist. Cuyahoga No. 105607, 2018-Ohio-282, at ¶ 22; *State v. Bosby*, 8th Dist. Cuyahoga No. 94466,

2011-Ohio-599, ¶ 11. Moreover, a defendant's protestations of innocence are insufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered. *Cleveland v. Brown*, 8th Dist. Cuyahoga Nos. 107939 and 108145, 2019-Ohio-5254, ¶ 19.

**{¶ 28}** Read-Bates's first assignment of error is overruled.

### III. The Sentence

**{¶ 29}** In his second assignment of error, Read-Bates contends that his consecutive sentences were based on improper judicial factfinding. In support, he argues in a cursory fashion that the court failed to consider the statutorily mandated considerations and the sentence was based upon facts not alleged in the indictment or admitted by Read-Bates at the time of the plea.

**{¶ 30}** In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the United States Supreme Court held that a jury must determine any fact, other than a prior conviction, that increases the maximum authorized penalty for a crime. Thereafter, the United States Supreme Court held that Sixth Amendment principles are violated where facts not found by a jury are used to enhance the mandatory minimum penalty for a crime, stating that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), paragraph one of the syllabus.

{¶ 31} The Ohio Supreme Court has held, however, that judicial factfinding necessary to impose consecutive sentences does not violate the Sixth Amendment. *State v. Osborn*, 8th Dist. Cuyahoga No. 105196, 2017-Ohio-8228, ¶ 34, citing *State v. Ruvolo*, 8th Dist. Cuyahoga No. 102569, 2015-Ohio-5417, ¶ 13.

{¶ 32} Before imposing consecutive sentences, a trial court must make the findings mandated by R.C. 2929.14(C)(4) and incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; *State v. Rapier*, 8th Dist. Cuyahoga No. 108583, 2020-Ohio-1611, ¶ 7. The failure to make the findings renders the imposition of consecutive sentences contrary to law. *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 29.

{¶ 33} In making the consecutive sentence findings, a trial court is not required to state its reasons for imposing consecutive sentences, nor is it required to give a verbatim recitation of the language of R.C. 2929.14(C). *Bonnell* at ¶ 27, 29. Rather, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 34} R.C. 2929.14(C)(4) provides that the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 35} Here, before imposing sentence, the court heard from Read-Bates, defense counsel, and the prosecutor. Although a presentence investigation report was not ordered for Read-Bates, the prosecutor reminded the court that a PSI was ordered for the alleged codefendants in CR-18-633822, and for that reason, the court would be aware of the facts of the case. The prosecutor reported that in that case, Read-Bates fired several shots at three female victims, one of whom was pregnant at the time. The prosecutor reported that in CR-19-636650, Read-Bates drove by the victims, which included an eight-year-old child and a female with whom Read-Bates was involved, and fired shots at them with the same weapon used in CR-18-633822. The prosecutor also reported that Read-Bates made several jailhouse phone calls in which he instructed his mother to talk to the victims in the cases and instruct the victims as to what to say at trial.

**{¶ 36}** The court then stated that it considered the purposes and principles of felony sentencing and found Read-Bates was not amenable to community control. Thereafter, the court imposed consecutive sentences, finding as follows:

> I do find that consecutive sentences are necessary to protect the public from future crime or to punish you and that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger that you pose to the public.
>
> You had multiple cases that were pending at the same time.
>
> This is part of a course of conduct, and the harm caused by your conduct in these multiple offenses was so great or unusual that no single prison term for these offenses would adequately reflect the seriousness of your conduct.
>
> Obviously, you have a prior record as well, which is why you were out on [postrelease control] when this happened, and that's also a factor that demonstrates that consecutive sentences are necessary to protect the public from future crime by you.

**{¶ 37}** The trial court therefore made all the requisite consecutive-sentence findings. And while the facts in the record are limited because Read-Bates entered a plea agreement, the record reflects the trial court considered the appropriate statutory factors before imposing a consecutive sentence. Moreover, there is no evidence in the record that the trial court engaged in any improper judicial factfinding.

**{¶ 38}** Read-Bates's second assignment of error is overruled.

**{¶ 39}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR