JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Danny Robinson, appeals from a judgment of the Cuyahoga County Court of Common Pleas, denying his presentence motion to withdraw his guilty plea. Finding merit to the appeal, we reverse and remand.
 {¶ 2} The Cuyahoga County Grand Jury issued multiple indictments against Robinson. In Case No. CR-477654, he was charged with three counts: count one (with a co-defendant), theft, in violation of R.C. 2913.02, with value of the property being between $500 and $5000; count two, failure to comply with order or signal of a police officer, in violation of R.C. 2921.331, with a furthermore clause that he operated a motor vehicle causing a substantial risk of serious physical harm; and count three, resisting arrest, in violation of R.C. 2921.33.
 {¶ 3} In case number CR-479453, Robinson was charged with nine counts: counts one, two, and five, burglary, in violation of R.C. 2911.12; count three, four and six, theft, in violation of R.C. 2913.02, with value of the property being between $500 and $5000; count seven, receiving stolen property, in violation of R.C. 2913.51, with the value of the property being between $5000 and $100,000; and counts eight and nine, possessing criminal tools, in violation of R.C. 2923.24. In all of the counts, he was charged with two co-defendants (except for count seven, where he was charged with five co-defendants). *Page 2 
 {¶ 4} Robinson was also indicted on thirteen counts of receiving stolen property in another case, case number CR-487193.[1] This case was assigned to Judge Carolyn Friedland, and the other two cases, case numbers CR-477654 and CR-479453, were assigned to Judge John D. Sutula. Judge Friedland presided over the plea hearing for all three cases as to Robinson, but not the other co-defendants. She explained that after the plea hearing, the files for case numbers CR-477654 and CR-479453 would "be returned back to Judge John Sutula" for sentencing Robinson and the co-defendants.
 {¶ 5} In case number CR-477654, Robinson pled guilty to count two, failure to comply. The remaining counts were nolled.
 {¶ 6} In case number CR-479453, Robinson pled guilty to count two, burglary; counts four, six, and eight, theft; and count seven receiving stolen property. The remaining counts were nolled.
 {¶ 7} In case number CR-487193, he pled guilty to five counts of receiving stolen property, three as felonies of the fourth degree, and two as felonies of the fifth degree. The remaining counts were nolled. *Page 3 
 {¶ 8} On February 8, 2007, approximately one week after entering his guilty plea, Robinson filed a motion to withdraw his plea in case number CR-479453 (but not in the other two cases). In the motion, Robinson also requested an oral hearing. On February 20, 2007, Robinson's counsel filed a motion for permission to withdraw as his counsel in all three cases because of the allegations Robinson made against her in his motion to withdraw his plea in case number CR-479543.
 {¶ 9} On February 28, 2007, Judge Friedland sentenced Robinson in case number CR-487193 to nine months on each count, to run concurrently.[2]
 {¶ 10} On March 2, 2007, at the sentencing hearing, Robinson's defense counsel informed the trial court that Robinson had filed a motion to withdraw his plea and that she subsequently filed a motion to withdraw as his counsel. *Page 4 
Although Robinson's motion was not opposed by the state, the trial court denied the motion without hearing from Robinson, stating only that "[t]he [m]otion to withdraw the [p]lea has been denied."
 {¶ 11} The trial judge then sentenced Robinson, in case number CR-477654, to one year in prison on count two, for failure to comply with an order or signal of a police officer, and ordered that it be served concurrent to the sentence imposed in Case No. 479453, but consecutive to the sentence imposed in Case No. 487193. Robinson also received three years of postrelease control as part of his sentence.
 {¶ 12} In Case No. 479453, Judge Sutula sentenced Robinson to one year on count two, twelve months on count seven, and nine months on each of counts four, six, and eight, and ordered that the terms be served concurrently to one another, and concurrently to the prison term imposed in case number CR-477654, but consecutive to the term imposed in case number CR-487193. Robinson also received three years of postrelease control as part of his sentence.
 {¶ 13} It is from these judgments that Robinson appeals, raising a single assignment of error for our review:
 {¶ 14} "The trial court erred in not allowing appellant to withdraw his guilty plea prior to sentencing."
 {¶ 15} Robinson maintains that because his motion was filed prior to sentencing, it should have been granted. Robinson further claims that the court *Page 5 
abused its discretion when it denied his presentence motion to withdraw his guilty plea without a hearing.
 {¶ 16} Crim. R. 32.1 provides: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 17} In State v. Xie (1992), 62 Ohio St.3d 521, the Ohio Supreme Court explained that although the "the rule gives a standard by which postsentence withdrawals of guilty pleas may be evaluated — the `manifest injustice' standard," it "gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea." Id. at 526. The Court then stated:
 {¶ 18} "`Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *' (Citations omitted.)" Id. *Page 6 
 {¶ 19} The Supreme Court went on to point out that although "a presentence motion to withdraw a guilty plea should be freely and liberally granted[,] * * * a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at 527. "Nevertheless, despite the more lenient standard applicable to pre-sentence motions, an appellate court will only reverse a denial of a leave to withdraw when the trial court has abused its discretion."State v. Peterseim, 68 Ohio App.2d 211, 213.
 {¶ 20} In State Benson, 8th Dist. No. 83718, 2004-Ohio-1677, addressing a presentence motion to withdraw a plea, this court stated:
 {¶ 21} "`A trial court does not abuse its discretion in overruling a motion to withdraw the plea: (1) where the accused is represented by highly competent counsel, (2) where the accused was offered a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.'
 {¶ 22} "These factors have been expanded to include:
 {¶ 23} "`(5) whether the court gave full and fair consideration to the motion; (6) whether the motion was made in a reasonable time; (7) whether the motion *Page 7 
states specific reasons for withdrawal; (8) whether the accused understood the nature of the charges and the possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense.'"Benson at _8-9, quoting Peterseim at paragraph three of the syllabus (for the first 4), and State v. Pinkerton (Sept. 23, 1999), 8th Dist. Nos. 75906 and 75907 (for the remaining five).
 {¶ 24} In the case at bar, Robinson filed his motion to withdraw his guilty pleas one week after they were accepted by the trial court. UnderXie, supra, such motions should be "freely and liberally granted," and a hearing is ordinarily required to determine whether a reasonable and legitimate basis exists on which the plea may be withdrawn. While theXie court failed to specifically set forth what type of hearing is required, it is axiomatic that such hearing must comport with the minimum standards of due process, i.e., meaningful notice and an opportunity to be heard. See Fuentes v. Shevin (1972), 407 U.S. 67, 80.Xie, however, does not require that a full evidentiary hearing be held in all cases.
 {¶ 25} In State v. Smith, (Dec. 10, 1992), 8th Dist. No. 61464, this court held that the scope of a hearing on an appellant's motion to withdraw his guilty plea should reflect the substantive merits of the motion. Id. at 13. We stated that: *Page 8 
 {¶ 26} "[A] court's adherence to Crim. R. 11 raises a presumption that the plea was voluntarily entered. See State v. Spence (Jan. 19, 1989), 8th Dist. No. 54880, at 2. The proponent of the motion to withdraw the plea has the burden of rebutting that presumption by demonstrating that the plea was infirm. The motion to withdraw a plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it. * * * Stated differently, the scope of the hearing to be held on the Crim. R. 32.1 motion should be reflective of the substantive merit of the motion itself. Hence, bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit. The scope of the hearing is within the sound discretion of the trial judge, subject to our review for an abuse of that discretion. * * * This approach strikes a fair balance between fairness for an accused and preservation of judicial resources." (Internal citations omitted.) Id. at 14-15.
 {¶ 27} In the instant case, Robinson argues his decision to plead guilty was based on the erroneous advice of counsel. In his motion to withdraw his guilty plea, he asserted:
 {¶ 28} "I was told by my lawyer that my co/defendant was copping out to a third degree felony burglary, and I was getting the same deal he was. * * * I did not know the co/defendant Karl Owen pled to felony four attemted [sic] burglary. I would like to withdraw my plea on this case, because I was lied to on my plea *Page 9 
agreement by my lawyer and would like a chance to get the same deal as my co/defendant Karl Owens. Plus my lawyer has never talk with me about my case, or asked me what happen. When I talk with her it's always about copping out and I better take the deal. I feel my lawyer threaten me into taking the plea. Plus I was past my 270 day speedy trial when I coped [sic] out, I had in 292 days at the time. My lawyer told me that didn't matter either, and I didn't know I couldn't appeal my fast and speedy trial rights if I coped [sic] out. I would like an oral hearing on this matter, if possible, before my court date on 2-28-07 to get sentence."
 {¶ 29} Robinson filed his motion to withdraw one week after his guilty pleas were accepted by Judge Friedland, and approximately two weeks prior to the first sentencing hearing before Judge Friedland (first sentencing hearing was held on February 28, 2007; the second on March 2, 2007). Thus, the motion was made in a reasonable time and afforded the state an opportunity to respond prior to sentencing, but it did not do so.
 {¶ 30} As we previously stated, prior to sentencing, Robinson's defense counsel informed the trial court that Robinson had filed a motion to withdraw his plea and that she subsequently filed a motion to withdraw as his counsel. Although Robinson's motion was not opposed by the state, the trial court denied *Page 10 
the motion without hearing from Robinson, stating only that "[t]he [m]otion to withdraw the [p]lea has been denied."[3]
 {¶ 31} Notably, in this case, Judge Sutula was not the judge who took the plea. It was Judge Friedland who presided over the plea hearing. There is no indication that Judge Sutula reviewed the transcript of the plea hearing to determine if Robinson freely and voluntarily entered into his guilty pleas. In addition, the state did not oppose Robinson's motion or even argue at the sentencing hearing that Robinson entered into the pleas freely and voluntarily.
 {¶ 32} In cases where this court has upheld the trial court's denial of a presentence motion to withdraw a guilty plea, the trial court —unlike here- *Page 11 
afforded the defendant a full hearing on the motion to withdraw, and gave full consideration to the motion. See State v. Pierce, 8th Dist. No. 88598, 2007-Ohio- 3416, _11; State v. Hurst, 8th Dist. No. 89297,2007-Ohio-6326, _9. In addition, in those cases, there was nothing to indicate that the judge who denied the presentence motion to withdraw the plea was not the same judge who actually heard and accepted the plea and thus, was fully aware that the plea was entered into voluntarily and knowingly.
 {¶ 33} Under these circumstances, we find that pursuant toXie, supra, the trial court abused its discretion in denying Robinson's presentence motion to withdraw his guilty plea without holding a hearing. Robinson was at least entitled to a determination as to whether there was a reasonable and legitimate basis for withdrawing his plea. He alleged facts in his motion which, if true, would have provided him a "complete defense." See Benson, supra, at _9. Thus, it is clear from the record that Robinson did not receive "full and fair consideration" of his request to withdraw his plea. By denying his motion in this fashion, the trial court failed to give him an opportunity to be heard and failed to satisfy even the minimum standards of due process.
 {¶ 34} Accordingly, the trial court's denial of Robinson's motion to withdraw his guilty plea without a hearing was unreasonable and arbitrary and constituted an abuse of discretion. *Page 12 
 {¶ 35} Robinson's sole assignment of error is sustained.
 {¶ 36} The judgment is reversed and the case is remanded for a hearing on Robinson's motion to withdraw his guilty plea.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to
Rule 27 of the Rules of Appellate Procedure.
MARY JANE BOYLE, JUDGE
MELODY J. STEWART, P.J., CONCURS;
ANN DYKE, J., CONCURS IN JUDGMENT ONLY
[1] This case is not on appeal. Therefore, any discussion regarding this case we gleaned from the transcript of the plea hearing (for all three cases) and the sentencing hearing (for the two cases that are on appeal).
[2] This court does not have the transcript of the sentencing hearing for case number CR-487193. However, in the transcript of the sentencing hearing for the other two cases, Robinson's defense counsel explained to Judge Sutula that Judge Friedland had sentenced Robinson in case number CR-487193, but, "since [Robinson] filed a Motion to Withdraw Plea in the case originally assigned to this court, she declined to go forward with sentencing on the other two matters. She did not want to interfere with your case that was originally assigned to you and those cases returned to this Court and both on the Motion to Withdraw Plea and Motion to Withdraw Counsel."
[3] After the trial court stated that the motion to withdraw the plea had been denied, defense counsel stated, "[y]our Honor, * * * since the Court is denying that motion, I assume you are also denying our Motion for Permission to Withdraw." The trial court did not respond, nor did it deny Robinson's counsel motion to withdraw in a written judgment entry. This court, however, presumes that motions that are not ruled upon are deemed denied by the trial court. *Page 1