[Cite as *State v. Williams*, 2010-Ohio-5193.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,                                              CASE NO. 1-10-24

   PLAINTIFF-APPELLEE,

  v.

KURT WILLIAMS,                                             O P I N I O N

   DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2002 0109

Judgment Reversed and Cause Remanded

Date of Decision:  October 25, 2010

APPEARANCES:

   *Michael J. Short,* for Appellant

   *Jana E. Emerick,* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Kurt Williams ("Williams") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his motion to withdraw his guilty plea. For the reasons set forth below, the judgment is reversed.

{¶2} On January 5, 2004, Williams entered a guilty plea to one count of trafficking in crack cocaine. Pursuant to the negotiated plea, Williams was sentenced to ten years in prison. On December 18, 2009, Williams filed a motion for a new sentencing hearing alleging that the trial court had failed to properly advise him of his post-release control. Williams then filed a motion to withdraw his guilty plea on January 15, 2010. The trial court overruled the motion to withdraw his guilty plea without a hearing. On January 21, 2010, a new sentencing hearing was held and Williams was again sentenced to ten years in prison. Williams appeals from the denial of his motion to withdraw his guilty plea without a hearing and raises the following assignment of error.

> **The trial court erred in overruling [Williams'] pre-sentence motion to withdraw his guilty plea without a hearing.**

{¶3} This court notes that this is an unusual case in that the State concurs with Williams' assignment of error. Since the trial court erred in failing to properly advise Williams about post-release control at his first sentencing hearing, the first sentence is a nullity. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-

1197, 884 N.E.2d 568. Thus, the motion to withdraw the guilty plea should have been treated as one filed prior to sentencing. *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422.

> **[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.**

*State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. Although the scope of the hearing might be limited to the substantive merits of the motion, the defendant is "at least entitled to a determination as to whether there was a reasonable and legitimate basis for withdrawing his plea." *State v. Robinson*, 8th Dist. No. 89651, 2008-Ohio-4866, ¶33.

{¶4} In this case, both Williams and the State agree that the motion to withdraw the guilty plea was a pre-sentence motion. The trial court also recognized that the motion was a pre-sentence motion. However, the trial court then proceeded to use a post-sentence standard for determining whether a hearing should be held. No hearing of any kind was held. Williams is at least entitled to an opportunity to present evidence as to why he should be allowed to withdraw his plea. Pursuant to *Xie*, the trial court was required to hold a hearing to

determine whether the pre-sentence motion to withdraw the guilty plea should have been granted.[1] For this reason, the assignment of error is sustained.

{¶5} The judgment of the Court of Common Pleas of Allen County is reversed and the matter is remanded for further proceedings.

***Judgment Reversed and Cause Remanded***

**PRESTON, J., concurs.**

**/jnc**

**ROGERS, J., dissents.**

{¶6} I respectfully dissent from the majority opinion. I would find that the trial court was not required to hold an oral hearing on Williams' motion; that the trial court utilized the appropriate standard for a pre-sentence motion to withdraw a guilty plea; and, consequently, that the trial court did not abuse its discretion in denying Williams' motion.

{¶7} In its thorough six-page judgment entry, the trial court appropriately identified that the motion at issue was a pre-sentence motion to withdraw a guilty plea. Consequently, the trial court cited *State v. Xie* (1992), 62 Ohio St.3d 521, syllabus, for the propositions that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal

---

[1] Although the dissent discusses reasons why the motion could be overruled, all of the factors raised by the dissent are appropriate for consideration by the trial court at the oral hearing it must hold.

of the plea," and that "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."

**{¶8}** Courts have found that pre-sentence motions to withdraw a guilty plea "should be 'freely and liberally granted,' and a hearing is ordinarily required to determine whether a reasonable and legitimate basis exists on which the plea may be withdrawn. While the *Xie* court failed to specifically set forth what type of hearing is required, it is axiomatic that such hearing must comport with the minimum standards of due process, i.e., meaningful notice and an opportunity to be heard. *Xie*, however, does not require that a full evidentiary hearing be held in all cases." (Internal citations omitted) *State v. Robinson*, 8th Dist. No. 89651, 2008-Ohio-4866, ¶24, citing *Xie*, supra, *Fuentes v. Shevin* (1972), 407 U.S. 67, 80. Additionally, courts have held that "the scope of a hearing on an appellant's motion to withdraw his guilty plea should reflect the substantive merits of the motion." *Robinson*, 2008-Ohio-4866, at ¶25, citing *State v. Smith*, 8th Dist. No. 61464, 1992 WL 369273 (finding that "bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit"). Cf. *Buckeye Supply Co. v. Northeast Drilling Co.* (1985), 24 Ohio App.3d 134 (finding that "[i]t is acceptable practice * * * for trial courts to dispose of motions without formal hearing, so long as due process rights are afforded"). But see *State v. Conschafsky*, 4th Dist. No. 95CA2345, 1995 WL 702531 (finding that "[i]t is not an abuse of discretion for the trial court to rule on

a post-sentence motion without first conducting an oral hearing when a colorable claim has not been made in the motion[,]" but that, "[i]n cases involving presentence motions to withdraw a guilty plea, the trial court must conduct a hearing").

{¶9} Additionally, when deciding a motion to withdraw a plea, courts have found the following list of non-exhaustive factors pertinent: "(1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime." *State v. Fish* (1995), 104 Ohio App.3d. 236, 240. See also *State v. Lane*, 3d Dist. No. 1-01-69, 2001-Ohio-2299.

{¶10} Here, the judgment entry reflects that the trial court appropriately considered all nine factors in deciding Williams' motion. Additionally, the trial court found that Williams sought withdrawal of his plea based on a claim that was conclusively and irrefutably contradicted by the record. I would find that, given the clear lack of substantive merit of the motion and lack of evidentiary support, the trial court did not err in refusing to hold an *oral* hearing. I would find that the

trial court's thorough consideration of Williams' arguments in its judgment entry gave him meaningful notice and an opportunity to be heard. Consequently, I would affirm the judgment of the trial court.