[Cite as *State v. Abercrombie*, 2019-Ohio-4786.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108147 |
| v. | : | |
| JAMES ABERCROMBIE, III, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 21, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-631763-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Marcus A. Henry, Assistant Prosecuting
Attorney, *for appellee.*

Eric L. Foster, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant James Abercrombie III ("Abercrombie") appeals from the trial court's judgment denying his motion to withdraw his guilty plea.

Upon a review of the record, we find the trial court did not abuse its discretion in denying Abercrombie's motion and we therefore affirm the judgment.

Procedural History and Substantive Facts

{¶ 2} On September 10, 2018, Abercrombie was charged in a multiple-count indictment including charges of gross sexual imposition, sexual battery, rape, kidnapping, and endangering children. Several counts included sexually violent predator specifications. The indictment stems from numerous incidents involving the two young daughters of Abercrombie's girlfriend.

{¶ 3} On January 9, 2019, Abercrombie entered a guilty plea to an amended indictment. He pleaded guilty to Counts 1, 4, 6, and 8, gross sexual imposition in violation of R.C. 2907.05(A)(4); Count 11, rape in violation of R.C. 2907.02(A)(2); and Counts 17 and 18, endangering children in violation of R.C. 2919.22(B)(1). In exchange for his plea, all sexually violent predator specifications were removed and the state dismissed the remaining charges.

{¶ 4} On January 14, 2019, the court held a sentencing hearing, during which both victims spoke about the abuse they suffered at the hands of Abercrombie, a father-figure, over a span of four years. The abuse began when one victim was 9 years old and the other victim was 13 years old.

{¶ 5} After also hearing from defense counsel, the court asked Abercrombie if he wished to speak, and the following discourse transpired:

Abercrombie: From day one, your Honor, I want * * * I was told to waive my rights, and I should never have waived my rights.

| | |
|---|---|
| Court: | Well, I went through that with you at the time of the change of plea. |
| Abercrombie: | You never explained it to me. You never explained it. I know you explained it, but I didn't know what was going on. I am not a lawyer, so I didn't know the real rights. |
| Court: | Okay. Right. I went through them with you on actually more than one occasion on the record. Would you like to say anything with respect to sentencing other than what [your attorneys] have said today? |
| Abercrombie: | I wanted to take it to the box. |
| Court: | To what? |
| Abercrombie: | To trial. |
| Court: Okay. | Well, we're past that right now. You entered a guilty plea. Part of what [defense counsel] was arguing during — |
| Abercrombie: | I want to change my plea. I can't change my plea? |
| Court: Correct. | I am not accepting — if you are moving me right now to change your plea or vacate your guilty plea, the answer is no. Would you like to say anything with respect to sentencing? |
| Abercrombie: | I just want to go lay down then because I don't have anything to say, your Honor. |
| Court: | Okay. Thank you. |
| Abercrombie: | I ain't signing no waiver or nothing. |
| Court: | I didn't hear you, sir. If you wish to say something, * * * come on up. * * * I'll just ask one more time, sir, to make sure that I give you every opportunity to address the court. [Your attorneys] did. Each of them on your behalf. You have heard from the victims in this case. |

I am giving you one last opportunity in the event that you would like to say anything right now before I pass judgment.

Abercrombie: I don't want to say anything that would be used against me.

Court: I guess that depends on what you say, but that's fine. You don't have to say anything.

{¶ 6} The court then proceeded to sentencing. After considering the principles and purposes of felony sentencing and the sentencing factors, the court imposed an aggregate sentence of 20 years in prison.

{¶ 7} Abercrombie now appeals.

Motion to Withdraw Guilty Plea

{¶ 8} In his sole assignment of error, Abercrombie contends the trial court erred when it denied his presentence motion to withdraw his guilty plea. In support, he argues that the trial court failed to provide a full hearing on his motion to withdraw and failed to give full and fair consideration to his request.

{¶ 9} Crim.R. 32.1 governs withdrawals of guilty pleas and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that a "defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Therefore, a trial court must conduct a

hearing in order to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶ 10} The decision whether to grant or deny a motion to withdraw a guilty plea is entirely within the sound discretion of the trial court, and we will not alter the trial court's decision absent a showing of an abuse of that discretion. *Xie* at paragraph two of the syllabus; *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph two of the syllabus. "'[U]nless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" *Peterseim* at 213-214, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

{¶ 11} A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea where the following occurs: (1) the accused is represented by competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reflects that the court gave full and fair consideration to the plea-withdrawal request. *Peterseim* at paragraph three of the syllabus; *State v. King*, 8th Dist. Cuyahoga No. 106709, 2018-Ohio-4780, ¶ 13. Additional factors this court has considered include whether the motion was made in a reasonable time; whether the motion states specific reasons for withdrawal; whether the accused understood the nature of the charges and the possible penalties; and whether the accused was perhaps not guilty or had a complete defense. *King* at ¶ 14, citing *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, ¶ 8-9.

**{¶ 12}** A trial court's adherence to Crim.R. 11 raises a presumption that a plea is voluntarily entered. *State v. McKissick*, 8th Dist. Cuyahoga No. 105607, 2018-Ohio-282, ¶ 23. And a defendant moving to withdraw the plea bears the burden "of rebutting that presumption by demonstrating that the plea was infirm." *State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 26.

**{¶ 13}** Here, Abercrombie concedes on appeal that he was represented by competent counsel and was given a full Crim.R. 11 hearing prior to entering his guilty plea. Indeed, the record reflects that the court engaged in a full Crim.R. 11 colloquy. During the plea hearing, the court advised Abercrombie of the effect of his plea, the nature of the charges, the potential penalties he faced, and the constitutional rights he was waiving by pleading guilty. Abercrombie repeatedly indicated that he understood the court's advisements and he was in fact guilty. He also confirmed that no promises were made in exchange for his guilty plea. And at no time did Abercrombie express any confusion during the hearing or that he misunderstood the nature of the charges or the possible penalties.

**{¶ 14}** Abercrombie contends, however, that the trial court failed to provide him a complete hearing on his oral motion to withdraw and failed to fully consider his request.

**{¶ 15}** To the extent that the trial court did not have a full evidentiary hearing, one is not required in all cases. *Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, at ¶ 24. The scope of a hearing on a motion to withdraw should reflect the substantive merits of the motion. *Id.* at ¶ 25. "'[B]old assertions without

evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit.'" *Id.* at ¶ 26, quoting *State v. Smith*, 8th Dist. Cuyahoga No. 61464, 1992 Ohio App. LEXIS 6259, 14-15 (Dec. 10, 1992); *State v. Wittine*, 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745, ¶ 8 ("The scope of a hearing on a motion to withdraw a guilty plea is dependent upon the facial validity of the motion itself.").

{¶ 16} Therefore, where a defendant fails to make a prima facie showing of merit, the trial court need not "devote considerable time to" his or her request to withdraw. *Smith* at 14. Further, the scope of the hearing is within the sound discretion of the trial court, subject to this court's review for an abuse of discretion. *State v. Farkosh*, 8th Dist. Cuyahoga No. 102393, 2015-Ohio-3588, ¶ 9, citing *Xie*, 62 Ohio St.3d at 526, 584 N.E.2d 715. "This approach strikes a fair balance between fairness for an accused and preservation of judicial resources." *Smith* at 15.

{¶ 17} Here, although the court's discussion with Abercrombie regarding his desire to withdraw his plea was brief, we find the trial court gave Abercrombie's request the consideration it merited. The record demonstrates that Abercrombie had the opportunity to state his reasons for his motion. He told the court that he should never have waived his rights and that the court never explained his rights. Backtracking from that statement, he then stated that he "didn't know what was going on" and "didn't know the real rights." The record, however, contradicts Abercrombie's assertion. The record reflects that the court engaged in a full Crim.R. 11 colloquy and Abercrombie repeatedly indicated he understood his rights and he

knowingly, intelligently, and voluntarily waived those rights. When the court reminded Abercrombie that it did in fact advise him of his rights "on actually more than one occasion," Abercrombie simply stated, without reasons or support, "I wanted to take it to the box."

{¶ 18} On this record, we find Abercrombie's last-minute pro se request to go to trial to be merely a change of heart after hearing the statements of the victims. And this court has repeatedly held that a change of heart regarding a guilty plea and the possible sentence is insufficient justification for withdrawal of a guilty plea. *State v. Norman*, 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 20; *McKissick*, 8th Dist. Cuyahoga No. 105607, 2018-Ohio-282, at ¶ 22; *State v. Bosby*, 8th Dist. Cuyahoga No. 94466, 2011-Ohio-599, ¶ 11. Consequently, the court's consideration of Abercrombie's desire to "take it to the box" was sufficient. The fact that the court found Abercrombie's assertion unpersuasive does not mean it did not adequately consider the request.

{¶ 19} In light of the foregoing, we cannot find the trial court abused its discretion in denying Abercrombie's motion to withdraw his guilty plea.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
LARRY A. JONES, SR., J., CONCUR