[Cite as *State v. Wright*, 2021-Ohio-1811.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109794 |
| v. | : | |
| ARMELL WRIGHT, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 27, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638774-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney,
and Oscar Albores, Assistant Prosecuting Attorney, *for appellee.*

J. Charles Ruiz-Bueno, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1}  Defendant-appellant Armell Wright ("Wright") appeals the judgment of the trial court denying his presentence motion to withdraw his guilty plea. For the reasons that follow, we reverse and remand.

**Factual and Procedural History**

{¶ 2} On April 25, 2019, a Cuyahoga County Grand Jury indicted Wright on one count of rape, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(b). This charge arose from an alleged incident that took place in 2001, when Wright was 19 years old and the alleged victim was 12 years old. Wright initially pleaded not guilty to this charge.

{¶ 3} On March 4, 2020, Wright withdrew his not guilty plea and pleaded guilty. After a plea colloquy, the trial court accepted Wright's plea and referred him to the court psychiatric clinic for preparation of a Static-99 report and to the probation department for preparation of a presentence investigation report ("PSI"). The Static-99 report is an actuarial instrument designed to estimate the probability of sexual offense recidivism among adult males who have been convicted of at least one sexual offense. Wright's Static-99 report included a summary of a 2011 intelligence test, reflecting that he had a full-scale IQ score of 54, putting him on the border of mild and moderate mental retardation. Wright's PSI also referred to the 2011 test and stated that he was eligible for the mental health docket.

{¶ 4} On April 25, 2020, Wright filed three separate motions: a motion to continue his sentencing, a motion to withdraw his guilty plea, and a motion to consider probation or to impose a prison sanction allowing for judicial release. In the motion to continue sentencing, Wright requested that the court refer him for a competency evaluation because of the indications that he was intellectually impaired and had an IQ of 54. Likewise, the motion to withdraw his guilty plea

argued that the plea may not have been voluntary given Wright's diminished intellectual capacity. The motion also requested, in the alternative, that the court delay ruling until a competency evaluation could be completed. Finally, the motion to consider probation requested the court consider and impose a community control sentence, or in the alternative, impose a nonmandatory prison sentence subject to judicial release. The state did not file a brief in opposition to Wright's motion to withdraw his guilty plea or otherwise state its opposition to the motion.

{¶ 5} On April 30, 2020, the trial court granted Wright's motion to continue sentencing and referred Wright to the court psychiatric clinic to evaluate his competence to stand trial pursuant to R.C. 2945.371.

{¶ 6} On June 10, 2020, the court held a sentencing hearing. At the outset of this hearing, the court stated that it had reviewed the PSI and Static-99, and that the court psychiatric clinic had indicated that Wright could still be competent despite his low IQ. The court stated:

> He was referred for a pre-sentence investigation report. I do have that report. He was also sent for a Static-99, and I do have that report, and it was authored by [the] chief social worker. And previously there had been — counsel wanted a determination from the Court Clinic regarding his competency, given his IQ. And we did speak with the Court Clinic. The Court Clinic indicated that he had no issue with competency, and that he could still be competent, despite his IQ.

At the end of the sentencing hearing, referring to the competency evaluation, defense counsel stated that "they came to the conclusion without at least examining my client." In response, the court stated:

> And again as to your competency, the Court Psychiatric Clinic [indicated] to this Court through its prior meetings with you and Static-99, et cetera, that you were in fact competent.

It is unclear from this record if the clinic completed a competency evaluation on Wright, separate from its previous interactions with the defendant.

{¶ 7} The court informed Wright of the registration requirements connected to his conviction for a sexually oriented offense. The state addressed the court, stating that the victim was contacted and "didn't want anything to do with" the case. The state then asked that the court impose more than the minimum sentence, citing the age of the victim at the time of the incident. Defense counsel addressed the court and referenced the motion to consider probation, which the court stated was denied. Defense counsel stated that Wright was 38 years old and had no history of sexual offenses prior or subsequent to the incident in this case. Given those circumstances, as well as Wright's low IQ, defense counsel asked the court to impose a minimum sentence.

{¶ 8} The court imposed a prison sentence of three years and informed Wright that he was subject to five years of mandatory postrelease control. The court did not hold a hearing on Wright's motion to withdraw his guilty plea or otherwise make any reference to this motion at the sentencing hearing or in the record. The trial court did not rule on this motion, absent its declaration of mootness in the June 10, 2020 sentencing entry.

{¶ 9} Wright appeals, presenting the following assignments of error for our review:

I. The trial court committed reversible error where a timely filed motion to withdraw guilty plea was not considered or ruled upon.

II. The mandatory sentencing of R.C. 2907.02(A)(1)(b) is unconstitutional as it applies to Wright, who has an IQ of 54.

**Law and Analysis**

{¶ 10} In Wright's first assignment of error, he argues that the trial court committed reversible error by failing to fully consider his presentence motion to withdraw his guilty plea, either by holding a hearing or otherwise addressing the merits of the motion on the record. We agree.

{¶ 11} We review a trial court's decision on a motion to withdraw a guilty plea for abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). An abuse of discretion is more than an error of judgment; it requires a finding that the trial court's ruling was "unreasonable, arbitrary or unconscionable." *Id.*, quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 12} Crim.R. 32.1 provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Interpreting Crim.R. 32.1, the Ohio Supreme Court has held that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *Xie* at *id*. Because a defendant does not have an absolute right to withdraw a plea prior to sentencing, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶ 13} Further, this court has stated that a trial court does not abuse its discretion in overruling a presentence motion to withdraw a guilty plea (1) where the accused is represented by highly competent counsel; (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request; (5) where the court gave full and fair consideration to the motion; (6) where the motion was made in a reasonable time; (7) where the motion states specific reasons for the withdrawal; (8) where the accused understood the nature of the charges and the possible penalties; and (9) where the accused was perhaps not guilty or had a complete defense. *State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 21, citing *State v. Benson*, 8th Dist. Cuyahoga No. 83718, 2004-Ohio-1677, ¶ 10.

{¶ 14} Although the trial court granted the defendant's request for a continuance and conducted a hearing that discussed the defendant's competency and sentencing, the defendant's motion to withdraw his guilty plea was not explicitly addressed at this hearing. While the discussion of Wright's competence occurred at the sentencing hearing, the discussion was in the context of Wright's motion to consider probation, which the court denied.

{¶ 15} Wright filed the motion to withdraw his guilty plea more than one month before he was sentenced, and the motion set forth specific reasons for the withdrawal. Therefore, it is clear from the record that Wright did not receive full

and fair consideration of his request to withdraw his guilty plea. Although we acknowledge that the court conducted a thorough and thoughtful sentencing hearing, the case law requires a hearing on a presentence motion to withdraw a guilty plea. Accordingly, the trial court's denial of Wright's presentence motion to withdraw his guilty plea without a hearing was unreasonable and constituted an abuse of discretion. Wright's first assignment of error is sustained, and our resolution of his first assignment of error renders his second assignment of error moot.

{¶ 16} The judgment is reversed and the case is remanded for a hearing on Wright's motion to withdraw his guilty plea.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR