[Cite as *State v. Thomas*, 2023-Ohio-4537.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112562 |
| v. | : | |
| TYREE THOMAS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 14, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-668196-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Margaret Graham, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Rick Ferrara, Assistant Public Defender, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Tyree Thomas ("Thomas") appeals the denial of a motion to withdraw guilty plea and his sentence for trafficking charges. For the following reasons, we affirm.

## Factual and Procedural History

{¶ 2} On April 19, 2022, Thomas and a codefendant, Cameron Sams, were indicted on various drug-related charges. Thomas' charges included trafficking of methamphetamine (ecstasy), a felony of the second degree (Count 1); drug possession, a felony of the second degree (Count 2); having weapons while under disability, a felony of the third degree (Count 3); receiving stolen property, a felony of the fourth degree (Count 4); carrying a concealed weapon, a felony of the fourth degree (Count 5); and improper handling firearms in a motor vehicle, a felony of the fourth degree (Count 6). Forfeiture specifications were attached to each count.

{¶ 3} The allegations supporting the indictment claimed that on February 26, 2022, Thomas and Sams were stopped by police while driving a car with plates that did not match the make or model of the vehicle. Once stopped, both men immediately jumped out of the car and ignored orders from police to reenter the vehicle. Eventually, Thomas was patted down for weapons and police discovered a clear plastic sandwich bag containing 80 ecstasy pills on his person. Police also discovered two guns in the vehicle, one in the driver's seat, and the other in the glove compartment.

{¶ 4} The trial court appointed counsel to represent Thomas on May 10, 2022. After the exchange of discovery and several pretrials, the case was scheduled for a change-of-plea hearing on October 6, 2022. At the hearing, the state represented that Thomas had agreed to plead guilty to Counts 1 and 3 as charged.

In exchange, the state would dismiss the remaining charges. The state noted that the sentence to Count 1 required a mandatory term in prison.

{¶ 5} The trial court proceeded to address Thomas directly and reviewed the consequences of his plea. The court explained that Count 1 was subject to S.B. 201, the Reagan Tokes Law sentencing guidelines and that the sentence would include mandatory prison time. After reviewing the potential penalties and fines, the court asked Thomas whether he understood or had questions. There appeared to be some questions; however, after a conversation off the record, Thomas indicated he understood the plea and penalties and did not have questions. The trial court continued the case to November 15, 2022, for sentencing.

{¶ 6} On November 2, 2022, a new attorney for Thomas filed a notice of appearance. On November 3, 2022, Thomas requested a continuance of the sentencing hearing to obtain and review discovery. Counsel also noted the state had indicted Thomas for a new charge and she wanted to adequately review the case prior to the sentencing hearing. The court granted the motion for continuance. On November 11, 2022, counsel filed a motion to withdraw Thomas' previously entered plea of guilty. In the motion, counsel alleged that Thomas was not aware of the mandatory nature of his sentence until the plea hearing. Counsel acknowledged that Thomas participated in the hearing and pleaded guilty. However, counsel argued that Thomas and prior counsel only discussed the plea deal once, and the mandatory nature of the prison term was never discussed. Accordingly, Thomas' guilty plea was not knowingly, voluntarily, or intelligently made. Counsel asserted that Thomas

acquiesced to the plea hearing even though he did not understand what was taking place because he did not want to embarrass himself or the court by stating his concerns in open court and on the record. Finally, counsel noted that Thomas was reasserting his innocence and wanted to proceed to trial.

{¶ 7} The court held a hearing on the motion on February 27, 2023. Counsel incorporated the motion into her comments and noted that the crux of the motion was that Thomas did not have adequate time to assess the sentence relative to his case at the time of the hearing. After reviewing the factors relevant to a motion to withdraw a guilty plea, the court determined that the main issue was whether Thomas understood the nature of the charges and the potential sentences, all of which were made clear at the plea hearing. The trial court then denied the motion.

{¶ 8} The trial court sentenced Thomas to two to three years on Count 1 and 24 months on Count 3 to run concurrently with one another.[1] Thomas now appeals assigning the following errors for our review:

### Assignment of Error No. 1

The trial court abused its discretion in denying Thomas' motion to withdraw his plea, causing a denial of Thomas' rights to due process under the constitutions of Ohio and the United States.

### Assignment of Error No. 2

The trial court erred when it found S.B. 201 to be constitutional and imposed an indefinite sentence pursuant to S.B. 201.

---

[1] The court also took a plea on an additional felony charge of weapons while under disability and sentenced Thomas to 24 months on that charge to run concurrently with the prison term in this case.

**Law and Analysis**

{¶ 9} In the first assignment of error, Thomas challenges the denial of his motion to withdraw his guilty plea. Thomas highlights three main points: (1) the trial court did not appropriately consider his ineffective assistance of counsel argument; (2) the trial court failed to hold a full hearing on the motion; and (3) the trial court failed to consider the factors that supported granting the motion.

**Standard of Review**

{¶ 10} It is within the trial court's discretion to grant or deny a motion to withdraw a guilty plea. Accordingly, we may only reverse the trial court's decision denying Thomas' motion if the trial court abused its discretion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). An abuse of discretion occurs when a court's decision is unreasonable, arbitrary, or unconscionable. *State v. Hill*, Slip Opinion No. 2022-Ohio-4544, ¶ 9, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 450 N.E.2d 1140 (1983).

**Ineffective Assistance of Counsel**

{¶ 11} Thomas first alleges that the trial court did not address his ineffective assistance claim. While the trial court did not explicitly address ineffective assistance of counsel, the trial court found that Thomas was represented by competent counsel at his plea hearing. We must determine whether the trial court abused its discretion in making this finding.

{¶ 12} When applied to a guilty plea, a defendant establishes ineffective assistance by demonstrating that his counsel's performance was deficient and that

there was a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty. *Xie*, 62 Ohio St.3d at 527.

{¶ 13} In the instant case, Thomas alleged that his lawyer did not inform him that Count 1, drug trafficking, carried a mandatory prison term. If true, counsel clearly erred. The drug trafficking charge carried a mandatory prison term of two to eight years. However, to overturn the trial court's decision, we must find that the court abused its discretion in denying the motion. In order to do that, we must determine whether the record established that but for counsel's error, Thomas never would have entered a guilty plea, and that, therefore, the trial court acted unreasonably, arbitrarily, or unconscionably when it denied Thomas' motion.

{¶ 14} There was evidence in the record to establish that Thomas had reservations after the plea. He retained new counsel who immediately requested discovery and a continuance of the sentencing hearing. Counsel subsequently filed the motion to withdraw the guilty plea. Notably, at the plea hearing, both the prosecution and the court advised Thomas that his plea of guilty would lead to a mandatory prison term on Count 1. Thomas was given an opportunity to ask questions at that time, but after a discussion off the record, declined to do so.

{¶ 15} The trial court, which was in the best position to observe Thomas during the plea hearing, determined that Thomas understood the nature of his plea and the potential penalties. Thomas admitted that everything he said during the plea hearing would lead the court to believe he understood what was going on and that he chose to enter the plea of guilty voluntarily, intelligently, and knowingly. In

light of that acknowledgment, nothing Thomas has subsequently alleged alters that viewpoint. Accordingly, we find that the trial court did not act arbitrarily, unreasonably, or unconscionably when it found Thomas was represented by competent counsel and the record did not establish ineffective assistance of counsel.

**The Hearing Requirement**

{¶ 16} Next, Thomas argues that the trial court erred when it failed to develop a record to support its denial of Thomas' motion. Specifically, Thomas alleges the trial court should have conducted a "hearing with evidence."

{¶ 17} The type of hearing required after a presentence motion to withdraw a guilty plea is not specified in Crim.R. 32.1. This court has noted that the hearing "must comport with the minimum standards of due process, i.e., meaningful notice and an opportunity to be heard." *State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 24. A full evidentiary hearing is not necessary in all cases. *Id.* "[T]he scope of the hearing to be held on the Crim.R. 32.1 motion should be reflective of the substantive merit of the motion itself." *Id.*, quoting *State v. Spence*, 8th Dist. Cuyahoga No. 54880, 1989 Ohio App. LEXIS 167 (Jan. 19, 1989), at *14-15. Further, the court noted that the scope of the hearing is also within the sound discretion of the trial court. *Id.* at *id.*

{¶ 18} The sole issue before the court in this case was whether counsel's failure to advise Thomas of the mandatory prison term he faced was a sufficient basis to require withdrawal of the plea. Our review of the record establishes that the court did not challenge whether Thomas received incorrect information. Rather the court

looked to see whether, nevertheless, the plea was knowingly, intelligently, and voluntarily made. Counsel was given an opportunity to explain why Thomas did not raise the issue during the plea hearing. Based on the foregoing, we find that the trial court did not abuse its discretion by failing to conduct a more extensive hearing. There was no need for an evidentiary hearing. The court, after reviewing the applicable factors, determined that the main issue was whether Thomas understood the nature of the charges and the potential sentences.

**The Trial Court's Evaluation of the Motion on the Merits**

{¶ 19} Finally, Thomas argues that the trial court failed to consider the factors that supported granting his motion. Crim.R. 32.1 does not specify the factors a trial court should review when considering a motion to withdraw a guilty plea. Over the years, the courts of appeals across the state have enumerated several factors that a trial court should consider. These factors are known as the *Peterseim* factors, listed below as factors one through four, and the *Heisa* factors, factors five through eight. *State v. Peterseim,* 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980); *State v. Heisa,* 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, respectively. The Ohio Supreme Court in a recent case summarized those factors, as follows:

> (1) whether the defendant is represented by competent counsel;
>
> (2) whether there was a full hearing, pursuant to Crim.R. 11, before entering a plea;
>
> (3) whether the trial court conducts a full and impartial hearing on the motion to withdraw the guilty plea;

(4) the record reflects that the court gave full and fair consideration to the plea withdrawal request;

(5) the motion was made in a reasonable time;

(6) the motion stated specific reasons for the withdrawal;

(7) the record shows the defendant understood the nature of the charges and the possible penalties;

(8) the defendant had evidence of a plausible defense.

*State v. Barnes*, Slip Opinion No. 2022-Ohio-4486, ¶ 16; citing *Peterseim* at 211; *Heisa* at ¶ 19.

{¶ 20} Although these factors have been widely utilized by the courts of appeals over the years, the Supreme Court noted that it was well settled 30 years ago that a defendant's presentence motion to withdraw a guilty plea should be freely and liberally granted. *Barnes* at ¶ 21, citing *Xie*, 62 Ohio St.3d at 527. The trial court's inquiry starts with the presumption that a motion to withdraw a guilty plea should be granted. *Id. See also State v. Johnson,* 8th Dist. Cuyahoga No. 111448, 2023-Ohio-371, ¶ 40, citing *Barnes* at ¶ 21. Nevertheless, a defendant does not have an absolute right to withdraw his guilty plea. *Barnes* at ¶ 22, citing *Xie* at 524-525.

{¶ 21} In *Barnes*, the Supreme Court found that the state had failed to overcome the presumption that the motion should be freely granted. Barnes, who was charged with a homicide, alleged that if he had been aware of evidence that he believed supported his self-defense claim, he would not have pleaded guilty. The record established that Barnes had maintained he acted in self-defense throughout the case, and he was unaware at the time that he pleaded guilty that there was video

footage that he believed supported self-defense. *Barnes,* at ¶ 23. In those circumstances, the Supreme Court found that the state had not overcome the presumption to grant the motion and therefore it was unnecessary to review the *Peterseim* and *Heisa* factors. *Id*. at ¶ 24. The court held that Barnes' discovery of evidence that would have affected his decision to plead guilty was a "reasonable and legitimate basis" to grant the motion to withdraw his guilty plea prior to sentencing. *Id*. at ¶ 24. However, *Barnes* does not denounce the factors (i.e., under *Peterseim* and *Fish*) traditionally relied upon by courts in considering presentence motions to withdraw pleas. *Johnson* at ¶ 43.

{¶ 22} In the instant case, Thomas did not challenge the evidence against him; instead, he argued his attorney's failure to properly advise him of a mandatory sentence rendered his plea infirm. The trial court thus properly considered the *Peterseim* and *Heisa* factors to determine whether granting the motion was appropriate.

{¶ 23} We have already addressed the first and second factors. The trial court did not abuse its discretion when it found that Thomas was represented by competent counsel. Additionally, the court engaged Thomas in a comprehensive Crim.R. 11 colloquy when it took his plea.

{¶ 24} The following facts are apparent from the record: (1) the court conducted a full hearing on Thomas' motion; (2) the court gave full and fair consideration to his arguments before deciding to deny the motion; (3) the motion was filed within a reasonable time, given that Thomas had to retain new counsel;

(4) the motion stated specific reasons for the request to withdraw his guilty plea; and (5) the motion was not focused on new evidence, but rather on Thomas' contention that he would not have pleaded guilty but for the bad advice on mandatory sentences.

{¶ 25} Focusing on whether Thomas understood the nature of the charges and the potential penalties, the trial court found that the motion to withdraw the guilty plea was not well taken and denied it. We find that the trial court did not abuse its discretion by making this decision.

{¶ 26} Accordingly, the first assignment of error is overruled.

## Reagan Tokes Law Sentence

{¶ 27} In his second assignment of error, Thomas argues that the trial court committed plain error when it found S.B. 201 constitutional and imposed an indefinite sentence as required by the law.

{¶ 28} Preliminarily we note that Thomas did not challenge the constitutionality of S.B. 201 before the trial court nor did the trial court address the constitutionality of S.B. 201.

> Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.

*State v. Awan*, 22 Ohio St.3d 120, 120, 489 N.E.2d 277 (1986).

{¶ 29} Accordingly, we decline to address this assignment of error.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR